**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 08-4704**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TYREE TEKO SMITH,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (2:06-cr-01206-DCN-1)

---

Submitted: June 24, 2009          Decided: July 16, 2009

---

Before MOTZ, KING, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Kirsten E. Small, NEXSEN PRUET, LLC, Greenville, South Carolina, for Appellant. Sean Kittrell, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyree Teko Smith was convicted following a jury trial and sentenced to 481 months' total imprisonment on two counts of possessing with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a), (b)(1)(b) (2006), two counts of using or carrying a firearm during and in relation to, or possessing a firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2006), and one count of possessing a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k) (2006). Smith's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising several issues, but concluding that no meritorious issues for appeal exist. Smith was advised of his right to file a pro se supplemental brief, and, while he expressly declined to do so, he nonetheless has claimed ineffective assistance of counsel.

By counsel, Smith first challenges his arrest, claiming the officers lacked probable cause to arrest him and seize incriminating evidence from his person incident to his arrest. Smith's actions and communications with an individual present with him at a previously-arranged drug transaction between the other individual and a confidential informant, which actions and communications were being observed and electronically monitored by officers, clearly provided ample

2

probable cause for the arrest and seizure of the evidence at issue. See Michigan v. DeFillippo, 443 U.S. 31, 37 (1979); Porterfield v. Lott, 156 F.3d 563, 569 (4th Cir. 1998).

Second, we find no merit to Smith's conclusory claim that the district judge's consideration of certain DVDs at sentencing was improper. Hearsay is allowable at sentencing, see United States v. Love, 134 F.3d 595, 607 (4th Cir. 1998), and there is no evidence whatsoever that the district judge was improperly influenced by the DVDs such that the evidence was unfairly prejudicial to Smith.

Smith next claims his sentence is unreasonable. Our review of the record reveals that the district court followed the necessary procedural steps and substantive requirements in sentencing Smith, and properly calculated the guidelines range and considered that recommendation in conjunction with the 18 U.S.C. § 3553(a) (2006) factors. Smith's within guidelines sentence is entitled to a presumption of reasonableness on appeal, see United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); see also Rita v. United States, 551 U.S. 338, ___, 127 S. Ct. 2456, 2462-69 (2007), and we find no abuse of the district court's discretion in its imposition of Smith's sentence. See Gall v. United States, 128 S. Ct. 586, 597 (2007).

Smith's assertion that he should not be subject to the 25-year statutory minimum sentence for a second conviction

returned in the same proceeding is foreclosed by <u>Deal v. United States</u>, 508 U.S. 129, 137 (1993), and we decline his request to overturn our prior decision in <u>United States v. Studifin</u>, 240 F.3d 415, 420-24 (4th Cir. 2001), even if it were applicable to his case, which it is not.

Finally, Smith's general claims of ineffective assistance are not conclusively established on the record. Thus, such claims are not cognizable on direct appeal. <u>See</u> <u>United States v. DeFusco</u>, 949 F.2d 114, 120-21 (4th Cir. 1991).

We have reviewed the record in accordance with <u>Anders</u> and affirm Smith's conviction and sentence. We deny Smith's motion to remove counsel. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>